IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


PEPSI ECKER,

       Plaintiff,

v.                                  Civil Action No. 5:16CV5
                                           (STAMP)

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security

       Defendant.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE REPORT AND**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  Background[1]

In this case, the plaintiff, by counsel, seeks judicial review of the defendant's decision to deny her claims for Supplemental Security Income ("SSI"). The plaintiff applied for SSI on December 15, 2012, alleging disability beginning March 1, 2003. Her claim was initially denied on December 15, 2012, and again upon reconsideration on May 10, 2013. The plaintiff then filed a written request for a hearing, and the Administrative Law Judge ("the ALJ") held a video hearing on September 12, 2014. The ALJ issued an unfavorable decision to the plaintiff, and the plaintiff appealed. The appeals council denied the plaintiff's request for

---

[1]This memorandum opinion and order contains only the most relevant procedural and factual information. For more extensive background information, see ECF No. 18.

review, and the plaintiff timely brought her claim before this Court.

To determine whether the plaintiff was disabled, the ALJ used a five-step evaluation process pursuant to 20 C.F.R. §§ 404.1520 and 416.920. Using that process, the ALJ made the following findings: (1) the plaintiff had not engaged in substantial gainful activity since December 15, 2012, the date of her application; (2) the plaintiff had the following severe impairments: depression, anxiety, hypertension, and headaches; (3) none of the plaintiff's impairments met or medically equaled the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the plaintiff has no past relevant work; and (5) "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." ECF No. 9-2 at 19. Therefore, the ALJ found that the plaintiff did not have a disability as defined under the Social Security Act.

The plaintiff and the defendant both filed motions for summary judgment. The plaintiff argues that the ALJ (1) improperly evaluated the plaintiff's mental impairments and (2) erroneously assessed the plaintiff's residual functional capacity ("RFC"). The plaintiff's first argument relies on Chandler v. Commissioner of Social Security, No. SAG 15 1408, 2016 WL 750549, at *2 (D. Md. Feb. 24, 2016), which explains the process the ALJ must follow when

evaluating mental impairments.  The Chandler court stated that it

was improper for the ALJ to "simply state[] the degree of

functional limitation in each area, with no specific citation to

the evidence of record or explanation of the reasons for each

finding."  Chandler, 2016 WL 750549, at *2.  Here, the plaintiff

argues that, like in Chandler, the ALJ did not provide adequate

explanation to support his conclusions.  The defendant argues that

the ALJ discussed and specifically cited to the relevant evidence,

and that the plaintiff did not satisfy her burden of proof that she

is disabled.

The plaintiff's second argument is that the ALJ failed to

properly assess the plaintiff's limitations as required by Social

Security Ruling 96-8p (1996) because he did not perform a function-

by-function assessment of the claimant's ability to perform the

physical and mental demands of work.  The plaintiff argues that,

"[a]lthough the [ALJ] determined that the Plaintiff has moderate

difficulties with regard to concentration, persistence, or pace, he

failed to include any limitation on concentration or task

persistence in his [RFC], and instead limited the Plaintiff to the

performance of simple, routine, repetitive, unskilled tasks."  ECF

No. 12 at 10.  The plaintiff argues that the United States Court of

Appeals for the Fourth Circuit determined such an assessment is

inadequate in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015).  The

defendant argues that the ALJ undertook an individualized review of

all relevant evidence, engaged in a function-by-function assessment, and applied the appropriate legal principles in calculating the plaintiff's RFC. The defendant also notes that the ALJ properly included a narrative discussion of the evidence that described how the evidence supported his conclusions.

The magistrate judge entered his report and recommendation on September 29, 2016. The magistrate judge found unpersuasive the plaintiff's first argument that the ALJ improperly evaluated the plaintiff's mental impairments, but found persuasive the plaintiff's second argument that the ALJ erroneously assessed the plaintiff's RFC.

As to the plaintiff's first argument, the magistrate judge agrees with the defendant that "[a] review of the ALJ's decision shows that the ALJ's analysis was not conclusory as in Chandler." ECF No. 18 at 7. The magistrate judge found that, unlike in Chandler, he could track the ALJ's reasoning as required by Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013), and that the ALJ discussed the plaintiff's mental impairments in detail. As to the plaintiff's second argument, the magistrate judge found that the ALJ's evaluation improperly failed to include a limitation for the plaintiff's difficulties with concentration, persistence, or pace in her RFC. The magistrate judge agreed with the plaintiff that Mascio does not permit the ALJ to account for a claimant's

4

limitations by restricting the hypothetical questions to simple, routine tasks or unskilled work.

For those reasons, the magistrate judge found that substantial evidence did not support the defendant's denial of the plaintiff's application for SSI. Thus, the magistrate judge determined that the defendant's motion for summary judgment should be denied, the plaintiff's motion for summary judgment should be granted in part, and that the civil action should be remanded. The parties did not file objections. For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."
Id. A reviewing court "does not reweigh evidence or make
credibility determinations in evaluating whether a decision is
supported by substantial evidence; '[w]here conflicting evidence
allows reasonable minds to differ,' we defer to the Commissioner's
decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir.
2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir.
2005)). Further, as the Supreme Court of the United States stated
in United States v. United States Gypsum Co., "a finding is
'clearly erroneous' when although there is evidence to support it,
the reviewing court on the entire evidence is left with the
definite and firm conviction that a mistake has been committed."
333 U.S. 364, 395.

After reviewing the record before this Court, no clearly
erroneous findings exist concerning the magistrate judge's report
and recommendation. As to the plaintiff's first argument in her
motion for summary judgment, this Court is able to track the ALJ's
reasoning as required by Radford. The plaintiff's motion for
summary judgment cites only one portion of the ALJ's analysis, and
the paragraphs preceding the one cited by the plaintiff discuss the
plaintiff's mental impairments in detail. ECF No. 9-2 at 14-17.
Thus, there was no error in the magistrate judge's finding that the
ALJ's analysis was not conclusory and that the ALJ's reasoning can
be clearly tracked by this Court.

As to the plaintiff's second argument in her motion for summary judgment, this Court also finds no error in the magistrate judge's finding that the ALJ erroneously assessed the plaintiff's RFC. The ALJ did not include a limitation for the plaintiff's difficulties with concentration, persistence, or pace in the plaintiff's RFC as required by Mascio. Instead, the ALJ improperly accounted for the plaintiff's limitations by restricting the hypothetical questions to simple, routine tasks or unskilled work. Therefore, this Court finds no error in the determination of the magistrate judge and thus upholds his ruling.

## IV. Conclusion

For the reasons above, the magistrate judge's report and recommendation is hereby AFFIRMED and ADOPTED. Thus, the plaintiff's motion for summary judgment is GRANTED IN PART and the defendant's motion for summary judgment is DENIED. It is further ORDERED that this case be REMANDED to the Commissioner for further action in accordance with the magistrate judge's report and recommendation. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the defendant has failed to object, she has waived her right to seek appellate review of this

matter.  See <u>Wright v. Collins</u>, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 9, 2017


<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE